EVELYN G. POST, Respondent, *v.* AMELIA E. LOUIS and Others, Defendants.

BROOKLYN BAR ASSOCIATION, Appellant.

Second Department, October 31, 1918.

Attorneys — practice — right of bar association to intervene in action for mere purpose of ascertaining whether attorney is appearing in violation of Penal Law.

In an action to foreclose a mortgage, a bar association has no right to intervene for the mere purpose of determining whether the attorney appearing for the plaintiff corporation so appears in violation of section 280 of the Penal Law which declares that corporations or voluntary associations shall not practice law. The ordinary methods of discipline of attorneys should be followed.

APPEAL by the petitioner, Brooklyn Bar Association, from an order of the County Court of Kings county, entered in the office of the clerk of said county on the 22d day of August, 1918, denying its motion for leave to intervene herein and for a dismissal of the complaint.

*Edward H. Wilson,* for the appellant.

*Arthur E. Sutherland* [*Harry L. Thompson* with him on the brief], for the respondent.

THOMAS, J.:

There are two preliminary questions: (1) Has this court power to review the order of the County Court denying the petition of the Brooklyn Bar Association to intervene; (2) if there is such power, should it be exercised? What would the petitioner have done? The motion was for leave to intervene herein, and after summary investigation to dismiss the complaint. The action is to foreclose a mortgage. The petitioner has no interest that is involved in, or can be touched by, any judgment that may be rendered or any issue that may be raised, or any finding of fact, or conclusion of law that may be decided. No person, either a party or entitled to be such, has invited the petitioner's co-operation, and no such

person has questioned the validity of the action or any process of the court pertaining to it. There is no issue presented or possible that the petitioner could aid, or of which it could speak or advise the court. It simply desires to interpolate in the action a proceeding to determine whether the attorney appearing for the plaintiff and prosecuting it so appears in violation of section 280 of the Penal Law, which declares that corporations or voluntary associations shall not practice law. The attorney's employer is such a corporation. If it should appear that such law is violated by the appearance of the present attorney for the plaintiff, the petitioner would have the complaint dismissed. I have no doubt of the power of the court in which an action is brought to inquire whether an attorney appearing before it is one of its officers entitled to so appear and present issues. Such power may be exercised on the court's own motion, however it may have been informed. In such case, the court could stay the action pending investigation, which could be confided to the conduct of the present petitioner or similar body. The trial court has been advised of the facts on which the disqualification is predicated, and has declined to make the investigation in this action or to stay the action for that purpose. This court is asked to review the decision of the trial court and to insist that it shall further inform itself through the petitioner, and upon the information so enforced upon it dismiss the action. The action in no phase possible to it is before this court. There is no motion before this court to discipline an attorney. If there were, the court could pursue its established practice, and then the question of staying the attorney in his alleged unlawful practice could be considered. Even upon the facts now before it, this court could institute the usual proceeding. But it is not asked to do so, but rather to adopt a new practice of imposing upon the trial court, in this instance the County Court, an *amicus curiæ* whose advice and aid it has declined, and that such court shall proceed to make an investigation that should in other form originate in the Appellate Division, and thereupon make a decision that no one interested in the action has asked, and which would not result in the discipline or penalty that the law contemplates or prescribes. It is deemed the better course in matters of discipline to follow the

ordained methods, in the use of which this court usually depends upon the vigilance and faithful service of the petitioner.

The appeal from the order of the County Court of Kings county should be dismissed, without costs.

MILLS, RICH, PUTNAM and KELLY, JJ., concurred.

Appeal from order of the County Court of Kings county dismissed, without costs.